UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANE DOE, by and through her court-appointed Guardian ad Litem, Lynne Snyder, Esq.,

   Plaintiff,

   v.

COUNTY OF SANTA CLARA, et al.,

   Defendants.

Case No. 5:15-cv-01725-EJD

**ORDER DENYING MOTION TO REMAND**

Re: Dkt. No. 21

Plaintiff Jane Doe ("Plaintiff"), a minor, filed the instant civil rights action against the County of Santa Clara ("County"), various County employees, Kidango, Inc. ("Kidango"), and certain private individuals. Presently before the court is Kidango's Motion to Remand. See Mot., Dkt. No. 21. The County opposes the motion. See Opp'n, Dkt. No. 25. Defendant Deanne Paredes filed a statement of non-opposition. See Dkt. No. 32. Plaintiff has filed no statement supporting or opposing the motion.

Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1441(a). Oral argument on this matter was held on November 19, 2015. Having carefully considered the pleadings in conjunction with oral argument, the court finds, concludes, and orders as follows:

1.   On March 18, 2015, Plaintiff filed this action in Santa Clara County Superior Court through her guardian ad litem Lynne Snyder, Esq. See Dkt. No. 1. Plaintiff asserts seven claims—two arise under 42 U.S.C. § 1983 and the remaining five arise under California state law. On April 16, 2015, the County removed the action to this court claiming federal question jurisdiction due to the § 1983 claims. See id. At the time of removal, Kidango had not been

served with the summons and complaint. See Mot. at 3. On July 6, 2015, Plaintiff served Kidango with the complaint. See id. On July 30, 2015, Kidango filed the instant Motion to Remand on the grounds that it did not consent to removal. See Mot.

2. A defendant may remove any civil action brought in a state court of which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). The notice of removal must be filed within 30 days after the defendant receives the complaint. 28 U.S.C. § 1446(b)(1). "When a civil action is removed solely under § 1441(a), all defendants who have properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is known as the "rule of unanimity." If there is a defect in the removal process other than lack of subject matter jurisdiction, a motion to remand the case "must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

3. Three issues are before the court. First, the County contends Kidango's motion is untimely because it was filed more than 30 days after removal. Opp'n at 7. Kidango, however, argues that its motion is timely because it was filed within 30 days after it was served with the summons and complaint. Mot. at 4; Reply, Dkt. No. 26 at 2. To support its argument, Kidango relies on 28 U.S.C. § 1448, which provides in pertinent part: "This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."

4. The Ninth Circuit has declined to address the issue of whether § 1448 authorizes a defendant who was served after removal to remand the case within 30 days for lack of unanimity. See Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 940 (9th Cir. 2010). One court in this district has addressed the issue, and found that § 1448 permits a later served defendant to file a motion to remand, exercising its right to choose the state forum. See Prickett v. Bonnier Corp., No. 15-cv-01230-MEJ, 2015 WL 1812798, at *2 (N.D. Cal. Apr. 20, 2015). In evaluating out-of-district cases, the Fifth Circuit addressed a similar issue and also found that a later served defendant could rely on § 1448 to file a motion to remand. See Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1263 (5th Cir. 1988) ("Indeed, if a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may

still either accept the removal or exercise its right to choose the state forum by making a motion to remand."). Given the scant caselaw on the issue, the court finds these authorities persuasive.

5. Furthermore, in considering this case's procedural history, the court finds Kidango's timeliness argument meritorious. At the time the County removed the case, Kidango had not been served; indeed, Kidango was served 81 days after removal. Since Kidango was not properly joined as a party until 81 days after the notice of removal was filed, it would have lacked standing to file a motion to remand within the 30-day period following the removal. Plaintiff's delay in providing service should not deprive Kidango of exercising its right to file a motion to remand. As such, the court concludes that Kidango's motion is timely because it was filed within 30 days after it became a properly noticed party in this case.

6. The second issue before the court concerns the merits of the motion. The basis for Kidango's motion is that it did not, and does not, consent to the removal. Mot. at 2. To the extent Kidango argues there is a defect in the removal process because the rule of unanimity was not satisfied, it is misguided. Pursuant to the removal statute, when removal is based on federal question, only the defendants against whom a federal claim is asserted are required to join in or consent to the removal. 28 U.S.C. § 1441(c)(2). Moreover, the Ninth Circuit has found that "defendants properly joined and served in the action" must consent to the removal. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Thus, "a party not served need not be joined in a petition for removal." Id. In this instance, Kidango's consent for removal was unnecessary because there are no federal claims asserted against it, and it was not yet served with process at the time of removal. As such, the defect in the removal process claimed by Kidango does not exist. In the absence of any other grounds for remanding the case, the court will deny Kidango's motion.

7. The third issue before the court concerns the County and Kidango's apparent agreement to sever and remand the one state law claim asserted solely against Kidango. See Opp'n at 10; Reply at 5. The basis for this proposed remedy is 28 U.S.C. § 1441(c)(2), which provides in part that upon removal of a federal question case, the district court shall sever from the

action all state law claims not within the original or supplemental jurisdiction of the federal district court, and remand the severed claims to the state court. At oral argument, the court addressed this proposed remedy with the parties. The County and Kidango continue to agree that such a result is appropriate. Plaintiff, however, argues that it would be burdensome to litigate in both the federal and state forums.

8. After careful consideration, the court declines to adopt the proposed remedy of severing and remanding the one state law claim asserted solely against Kidango for several reasons. First, the court agrees it would impose an undue burden and hardship for Plaintiff to litigate in both forums. Second, given the severe factual allegations and involvement of a minor, it is best to minimize Plaintiff's personal appearance and involvement in litigation. Third, it would be judicially efficient for all claims to remain together to avoid inconsistent findings and rulings. Lastly, pursuant to 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over the state law claims because they involve a common nucleus of operative facts—Plaintiff's alleged abuse while in foster care, and defendants' failure to investigate and report the abuse. See Tr. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

Accordingly, Kidango's Motion to Remand is DENIED. As indicated at the hearing, the court advances the Case Management Conference scheduled for December 3, 2015, to **9:00 a.m. on December 1, 2015.** The parties shall file an updated Joint Case Management Conference Statement on or before **November 24, 2015.**

**IT IS SO ORDERED.**

Dated:  November 20, 2015



EDWARD J. DAVILA
United States District Judge

4

Case No.: 5:15-cv-01725-EJD
ORDER DENYING MOTION TO REMAND