E-Filed 11/30/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>   Defendants. | Case No. 15-cv-01725-EJD (HRL)<br><br>**ORDER GRANTING STIPULATED REQUEST FOR LEAVE TO ACCESS JUVENILE RECORDS**<br><br>Re: Dkt. No. 20 |

Plaintiff Jane Doe ("Plaintiff"), a minor acting through her guardian ad litem, brings a § 1983 claim and state-law claims against the County of Santa Clara, two county departments, and several county employees ("County Defendants"). Plaintiff, a foster child, alleges County Defendants violated her rights under state and federal law by failing to prevent child abuse that she suffered. Plaintiff also sues Kidango, Inc. and two of its employees for failure to report suspected child abuse.

Plaintiff and County Defendants have stipulated to a request for an order that permits the parties' lawyers to access Plaintiff's case file. The parties' lawyers previously requested leave from the Juvenile Dependency Court to access and inspect Plaintiff's case file, and the request was partially denied. Dkt. No. 20 at 2-3. County Defendants' lawyers are confident that the state court's partial denial of their request has prevented them from fulfilling their discovery obligations.

The court has researched the governing law. The stipulated request for leave to access Plaintiff's juvenile records is granted.

**Discussion**

Juvenile Dependency Court case files are confidential under California law, and in general

a juvenile litigant's lawyer must seek leave of court before she may inspect her own client's files. Cal. Wel. & Instit. Code § 827. Likewise, counsel for County Defendants must petition the Juvenile Dependency Court before they may view County Defendants' files that relate to Plaintiff. *Id.* Federal courts may grant lawyers permission to view juvenile case files in spite of California's contrary confidentiality laws, however, because federal privilege law controls who may access evidence relevant to a juvenile's § 1983 claim in federal court. Fed. R. Evid. 501; *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003) (noting that federal courts have authority in § 1983 cases to grant lawyers permission to access records that are presumptively privileged under California Welfare & Institutions Code § 827); *Keilch v. Romero*, No. 15-cv-1526 LHK (PSG), Dkt. Nos. 17, 25 (granting and enforcing a stipulated request for permission to access juvenile case records that were presumptively privileged under California Welfare & Institutions Code § 827).

County Defendants assert that counsel has been unable to review or produce certain relevant documents due to the limitations established by § 827 and, therefore, that County Defendants have been unable to comply with their discovery obligations. The parties have stipulated that any juvenile dependency case records they receive and review shall be used solely "for the limited purpose of" prosecuting this case, that any such document copies produced shall be destroyed at the conclusion of this case, and that any juvenile records submitted to the court shall be filed under seal in accordance with the Northern District of California's local rules. Dkt. No. 20 at 6-7. The court is satisfied that the stipulation should be granted so that the lawyers litigating this case may view and produce Plaintiff's relevant juvenile records.

**Conclusion**

The parties' lawyers have leave of court to view the records in Plaintiff's juvenile dependency case. Case No. 1-13-JD-021848. The parties shall produce Plaintiff's juvenile case records pursuant to the terms of their stipulation. Dkt. No. 20 at 4-6. The transcript of any juvenile dependency hearing from Plaintiff's dependency case shall be produced at the request of any party; the requesting party shall present this order to the court reporter responsible for

1  providing transcript copies, and the copy shall be produced at the expense of the requesting party.
2  The parties shall produce, and eventually destroy, document copies according to the terms of the
3  stipulation. Dkt. No. 20 at 6-7. Any juvenile records shall be filed in this case, if at all, under seal
4  in accord with this district's local rules. The parties shall carefully maintain the confidentiality of
5  Plaintiff's juvenile case records.

6  **IT IS SO ORDERED.**

7  Dated: 11/30/15

_____
HOWARD R. LLOYD
United States Magistrate Judge